USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THEATRE ROW PHASE II ASSOCIATES,  :
                                  :    08 Civ. 07742-RMB
                     Plaintiff,   :
                                  :
      -against-                   :
                                  :
JOHN RYZEWIC, in his capacity as Trustee  :    ORDER
of Quo Vadis, Inc. Profit Sharing Trust,  :
and WILLIAM F. SCHIEBEL,          :
                                  :
                     Defendants.  :
-----------------------------------------------------------x

The parties having settled the case, entitled QUO VADIS, INC., A PROFIT SHARING TRUST, plaintiff, against WILLIAM SCHIEBEL, Defendant on December 3, 2009, and the parties having agreed that the money being held in the within case, above captioned, and the Court having directed to release the funds to Mr. John Ryzewic, as Trustee of Quo Vadis, Inc., A Profit Sharing Trust, or their attorney Michael J. Roberts of the firm of Roberts & Roberts, and it being so ordered on December 3, 2009 (a copy of the transcript attached hereto) it is

ORDERED, that the Clerk of the Court is directed to draw his check in amount $436,782.00 payable to Quo Vadis, Inc., or their attorney Michael J. Roberts of the firm of Roberts & Roberts.

Dated:   New York, New York
         December 15, 2009

                              _____
                              Andrew J. Peck
                              United States Magistrate Judge

                              HON. ANDREW J. PECK
                              United States Magistrate Judge
                              Southern District of New York

BY FAX

```
         9C33QUOC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  QUO VADIS, INC. PROFIT SHARING
   TRUST,
4
                Plaintiff,
5
           v.                                    08 CV 4259 (RMB)
6
   WILLIAM SCHIEBEL,
7
                Defendant.
8
   ------------------------------x
9                                                New York, N.Y.
                                                 December 3, 2009
10                                               3:30 p.m.

11 Before:

12                  HON. ANDREW J. PECK,

13                                               Magistrate Judge

14                        APPEARANCES

15 ROBERTS & ROBERTS
        Attorneys for Plaintiff
16 BY:  MICHAEL J. ROBERTS
                -and-
17 ADVOCATE & LICHTENSTEIN
        Attorneys for Plaintiff
18 BY:  JASON A. ADVOCATE

19 TOMPKINS, CLOUGH, HIRSHON & LANGER
        Attorneys for Defendant
20 BY:  DAVID M. HIRSHON

21

22

23

24

25

9C33QUOC

(In open court)

THE COURT: We are on the record in the case of Quo Vadis Incorporated Profit Sharing Trust v. William Schiebel v. third-party defendant John Ryzewic, 08 CV 4259. If I've mispronounced either of your names, I apologize. And we are here to record the settlement that the parties have just reached with the Court's assistance. That settlement also serves to resolve the interpleader action called Theatre Row Phase II Associates v. John Ryzewic in his capacity as trustee of Quo Vadis Incorporated Profit Sharing Trust, and William F. Schiebel, defendants, 08 CV 7742, both cases being assigned to Judge Berman.

The parties have agreed to amicably resolve these disputes without any admission of fault or liability on either side on the following terms.

I'm going to ask counsel and their clients to pay careful attention as I state the terms. Give me the universal sports time-out signal if I get anything wrong or if anything needs to be clarified. And at the end I am going to ask counsel and their clients to affirm that that is indeed the settlement that you've reached.

The parties have agreed that the money in the court's account in connection with the Theatre Row interpleader case will be and hereby is directed to be released to Mr. Ryzewic in his capacity as trustee of Quo Vadis Profit Sharing Trust.

1          In addition, the parties agree to, through this
2   settlement agreement and any other documents that may be
3   reasonably required by Theater Row Phase II Associates, to
4   irrevocably instruct Theater Row Phase II Associates that any
5   future distributions will be paid to Mr. Ryzewic in his trustee
6   capacity for Quo Vadis and not to Mr. Schiebel.
7          The parties agree that in connection with any interest
8   that has accrued in the court's account on the money in the
9   interpleader amount, that if any such interest is taxed to
10  Mr. Schiebel, that the Quo Vadis Profit Sharing Trust or
11  Mr. Ryzewic individually, whatever is advantageous to him, will
12  indemnify Mr. Schiebel for any and all taxes in connection with
13  that interest.
14         The parties further agree that they will execute
15  mutual general releases in standard Blumberg form or in such
16  reasonable modification of Blumberg's somewhat incomprehensible
17  language that the attorneys may agree upon.  It is a release on
18  any and all claims asserted in this litigation or could have
19  been asserted in this litigation, or any other claim, even
20  unrelated to this litigation, that could have been asserted by
21  and among these parties.
22         The parties further agree that the Court can dismiss
23  this case with prejudice and without costs, and that I can
24  enter the dismissal order on my authority pursuant to 28 U.S.
25  Code Section 636(c) so we don't have to run around chasing

9C33QUOC

1  Judge Berman to get his signature on it.
2  　　　　The parties further agree to the dismissal of the
3  Theater Row Phase II Associates litigation, again, without any
4  costs as between Mr. Ryzewic and Quo Vadis on one hand, and
5  Mr. Schiebel on the other.
6  　　　　Pursuant to the terms of this settlement agreement,
7  that resolves who Theatre Row should make prior and future
8  payments to.  In the event that Theatre Row requires any
9  additional documentation to more formally formalize what is set
10 forth in this transcript, the parties will cooperate and
11 provide such, and the Court will retain jurisdiction over both
12 actions for the limited purpose of any such paperwork that may
13 be necessary to effectuate the release of the court escrow
14 funds and the future payments from Theatre Row now going to
15 Mr. Ryzewic as trustee of Quo Vadis.
16 　　　　I think I have set forth all the terms we talked
17 about.  Is there anything I'm forgetting, Mr. Roberts or
18 Mr. Advocate, on the plaintiff's side?
19 　　　　MR. ADVOCATE:  Just to be clear that the court's clerk
20 is directed to release the funds to Mr. Roberts.
21 　　　　THE COURT:  The clerk of court is directed to release
22 the funds to Mr. Ryzewic as trustee of Quo Vadis Profit
23 Sharing, and again, if any further orders are necessary to
24 accomplish that, counsel will prepare them for my and/or Judge
25 Berman's signature.

9C33QUOC

1           On the defense side, Mr. Hirshon, anything additional?
2           MR. HIRSHON: Just a couple points. Number one, that
3   as part of this, the original note in the amount of $300,000
4   should be denoted as satisfied in full and returned to my
5   client.
6           THE COURT: Correct.
7           MR. HIRSHON: Number two, the UCC-1 filing in
8   connection with the security agreement must be terminated. And
9   number three, there is a collateral assignment of a life
10  insurance policy that secured this note that must be released
11  also.
12          THE COURT: Any problem with that, counsel?
13          MR. ROBERTS: The life insurance policy no longer
14  exists. What are the two items?
15          MR. HIRSHON: The termination of the UCC-1.
16          MR. ROBERTS: We'll sign it. If you prepare it, we'll
17  sign it.
18          MR. HIRSHON: And return the original note marked
19  satisfied in full.
20          MR. ADVOCATE: Yes.
21          THE COURT: Very good. All right. With that we'll
22  now go through the formal marriage ceremony, as I call it.
23  Mr. Roberts and Mr. Advocate, as co-counsel for the Quo Vadis
24  Trust and Mr. Ryzewic, and subject to his assent that I'll ask
25  for in a moment, do you both agree to the terms of the

1  settlement?

2       MR. ADVOCATE:  Yes, your Honor.

3       MR. ROBERTS:  Yes, your Honor.

4       THE COURT:  Mr. Ryzewic, and I apologize if I'm
5  mispronouncing your name, having gotten the advice of your
6  attorneys, do you agree with the settlement on your behalf and
7  as trustee of Quo Vadis, etc.?

8       MR. RYZEWIC:  Yes, your Honor.

9       THE COURT:  On the defense side, Mr. Hirshon, and
10 subject to the assent of your client that I'll ask for in a
11 moment, do you agree to the terms of the settlement as I've
12 described it?

13      MR. HIRSHON:  Yes, I do, your Honor.

14      THE COURT:  Mr. Schiebel, having gotten the advice of
15 your attorney, do you also agree to the terms of the settlement
16 as I've described it?

17      MR. SCHIEBEL:  Yes, your Honor.

18      THE COURT:  All parties having agreed, you now have a
19 complete and binding settlement agreement.

20      I direct counsel on both sides to make arrangements
21 with the court reporter to obtain the transcript and to split
22 the costs accordingly.  I will notify Judge Berman of the
23 settlement, and that relieves you of any further obligations,
24 if there were any, in connection with the bench trial that was
25 held this morning.

9C33QUOC

1        Best of luck.  Happy holidays.  And we are adjourned.

2

3                              oOo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------- x

QUO VADIS, INC. PROFIT SHARING TRUST,  :

       Plaintiff,  :

    -against-  :

WILLIAM SCHIEBEL,  :

       Defendant,  :

    -against-  :

JOHN RYZEWIC,  :

       3d Party Defendant.  :

---------------------------------------------- x

THEATRE ROW PHASE III ASSOCIATES,  :

       Plaintiff,  :

    -against-  :

JOHN RYZEWIC, et al.  :

       Defendant.  :

---------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/15/09

08 Civ. 4259 (RMB) (AJP)

08 Civ. 7742 (RMB) (AJP)

**ORDER OF DISMISSAL ON CONSENT**

**ANDREW J. PECK, United States Magistrate Judge:**

       Based on the settlement agreement reached by Quo Vadis and Schiebel and transcribed by the court reporter on December 3, 2009, and on the stipulation of the parties pursuant to 28 U.S.C. § 636(c), IT IS HEREBY ORDERED THAT these actions are dismissed with prejudice

C:\OPIN\

2

and without costs, provided, however, that the Court retains jurisdiction in cae of any ministerial matters pursuant to the terms of the settlement. Any pending motions are to be terminated as moot.

SO ORDERED.

Dated:      New York, New York
            December 3, 2009

_____
Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:    Michael J. Roberts, Esq.
                               Ira Daniel Tokayer, Esq.
                               David M. Hirshon, Esq.
                               Jason A. Advocate, Esq.
                               David C. Burger, Esq.
                               Judge Richard M. Berman

C:\OPIN\